IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARLENE J. DAVIS, )
)
Plaintiff, )
)
v. ) Civil Action No. 3:19-cv-554–HEH
)
COMMONWEALTH TRUSTEES, LLC, *et al.*,)
)
Defendants. )

## MEMORANDUM OPINION
**(Granting Defendants' Motion to Dismiss and Dismissing Plaintiff's Complaint)**

Plaintiff, Darlene J. Davis ("Plaintiff"), is again before this Court claiming that her home was the subject of a wrongful and fraudulent foreclosure apparently during the course of Chapter 13 bankruptcy proceedings. As best as can be discerned, Plaintiff maintains that her mortgage loan is not in default and that she has never received notice to the contrary. She also alleges that her mortgage was improperly transferred into a false mortgage account. The present rendition of her claims was originally the subject of a Complaint filed in the Circuit Court of Spotsylvania County, Virginia (CL19-1925). Defendants timely filed a Notice of Removal to this Court.[1] Defendants subsequently filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) (the "Motion")

---

[1] Plaintiff's Complaint named the following as Defendants: Commonwealth Trustees LLC, Rosenberg & Associates, Specialized Loan Servicing LLC, The Bank of New York Mellon, Fortune Investment Enterprises LLC, and John Does 1–100. At this stage, only two Defendants, Specialized Loan Servicing LLC and The Bank of New York Mellon, have entered appearances. Together they removed the case. Therefore, for the purpose of this Memorandum Opinion, these two entities will be collectively referred to as "Defendants."

based in part on their contention that this Court has previously rejected identical claims against the same Defendants. (ECF No. 3.) While the Defendants have filed detailed memoranda supporting their Motion, Plaintiff, who is *pro se*, has advised the Court that she declines to participate in any litigation in federal court. Despite being afforded additional opportunities to file a responsive pleading, Plaintiff has declined to do so.

Although the details of Plaintiff's claims are difficult to discern from her stream of conscious Complaint, they are not unfamiliar to this Court. As another Judge of this Court observed in connection with her prior lawsuit, Plaintiff's pleadings are adorned with barely decipherable hand-written marginalia. Her immediate state court Complaint fails to particularize her specific claims. It merely alleges that she is the victim of a wrongful and fraudulent foreclosure process. She maintains that she never received notice of default and that her loan had a zero balance. Plaintiff also appears to contend that documents pertaining to her loan and the foreclosure were forged or fabricated. It would appear that she seeks to have the foreclosure set aside, the foreclosing deed of trust removed, and the title to the property placed in her name.

Identical claims have been rejected by this Court in *Davis v. Specialized Loan Servicing LLC*. No. 3:17-cv-787-REP, 2018 WL 3352647 (E.D. Va. July 9, 2018). After expressing difficulty in construing the exact nature of Plaintiff's claims, Judge Robert E. Payne concluded that Plaintiff had not stated facts that would enable the court to afford her any of the relief sought, namely undoing the assignment of the deed of trust, obtaining relief for alleged fraud, or awarding quiet title to the property. *See id.* at *5–7.

Her present claims fair no better. The Complaint presently before the Court is equally lean on facts, and if squared against Fed. R. Civ. P. 9(b), it would fail to pass muster.[2]

This Court acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the United States Court of Appeals for the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985). Absent facts distinguishing the immediate case from Civil Action No. 3:17-cv-787, her claims are precluded by *res judicata*.

> As the Fourth Circuit restated in *SAS Inst., Inc. v. World Programming Ltd.*,
>
> The doctrine of res judicata, or claim preclusion, applies when three elements are satisfied. "[T]here must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." . . . Res judicata is ultimately governed by whether the present case has already been decided, and whether the party has previously had a fair shot with respect to the claims raised in this present action.

---

[2] Plaintiff's fraud claim would also fall short under Virginia law. *See State Farm Mut. Auto. Ins. v. Remley*, 270 Va. 209, 218 (2005).

3

874 F.3d 370, 378 (4th Cir. 2017) (quoting *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004) (alteration in original)). These elements squarely fit the case at hand.

Both Specialized Loan Servicing LLC and The Bank of New York Mellon were named parties in Civil Action No. 3:17-cv-787. Plaintiff's current claims of fraud, forgery, and document fabrication are identical to the prior proceeding.[3] After thoroughly reviewing Plaintiff's sparse complaint, the Court previously dismissed her claims without prejudice and allowed her to file a second amended complaint with "claims for which there is a factual basis." *Davis*, 2018 WL 3352647, at *8. Since she has failed to do so, this case will therefore be dismissed with prejudice.[4]

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 20 2019
Richmond, VA

---

[3] Even if a careful reading of Plaintiff's Complaint in this case yields what could be construed to be some variation of her prior causes of action, it is still precluded because it was available in prior litigation. *See Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161 (4th Cir. 2008).

[4] Plaintiff declined to avail herself of the opportunity to file an amended complaint in this case within the allotted time frame.

4